VIRGINIA:

## IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

RITA R. DADE,                                                    Plaintiff,

v.                                          LAW NO.:  CL11-001717

DELHAIZE AMERICA, LLC
SERVE: CORPORATION SERVICE COMPANY
       11 S. 12TH STREET
       RICHMOND, VA 23218
    &

DELHAIZE AMERICA, INC.,
SERVE: CORPORATION SERVICE COMPANY
       11 S. 12TH STREET
       RICHMOND, VA 23218
    &

DELHAIZE GROUP

    &

DELHAIZE INSURANCE COMPANY

    &

FOOD LION, LLC D/B/A FOOD LION, BLOOM,
BOTTOM DOLLAR FOOD, AND REID'S                      Defendants.
SERVE: CORPORATION SERVICE COMPANY
       11 S. 12TH STREET
       RICHMOND, VA 23218

## COMPLAINT

The Plaintiff, Rita R. Dade, by counsel, moves for judgment against the Defendants,

Delhaize America, LLC, Delhaize America, Inc., Delhaize Group, Delhaize Insurance

Company, and Food Lion, LLC d/b/a Food Lion, Bloom, Bottom Dollar Food, and Reid's,

both jointly and severally, on the grounds and in the amount as hereinafter set forth:



1.     The Plaintiff, Rita R. Dade, is a resident of the City of Fredericksburg, Virginia, and was a customer at Bottom Dollar Food on the date of the accident and at all relevant times was in the status of an invitee of the store.

2.     Upon information and belief, Bottom Dollar Food is a subsidiary of Food Lion, LLC, a limited partnership licensed to do business in the Commonwealth of Virginia, were at all relevant times the owners and/or occupants and/or operators and/or managers of the property at 515 Jefferson Davis Highway in the City of Fredericksburg, Virginia.

3.     Upon information and belief, Delhaize America, LLC, Delhaize America, Inc., Delhaize Group, Delhaize Insurance Company are all limited partnerships and/or corporations licensed to do business in the Commonwealth of Virginia, were at all relevant times the owners and/or occupants and/or operators and/or managers of the property at 515 Jefferson Davis Highway in the City of Fredericksburg, Virginia.

4.     Upon information and belief, the registered agent of Delhaize America, LLC, Delhaize America Inc., and Food Lion, LLC is Corporation Service Company at 11 S. 12th Street, Richmond, Virginia.

5.     At approximately 8:00 p.m., May 11, 2009, Plaintiff was on the premises of Bottom Dollar Food, in the entryway, when she tripped over the cord of a vacuum cleaner which was lying across the walkway and fell to the ground, causing physical injury to the Plaintiff.

6.     At the time of the Plaintiff's injuries, a vacuum cleaner cord had been laid across the walkway in the entryway of the store by an unknown employee of Bottom Dollar Food, and the area was not reasonably safe, constituted a dangerous, unsafe, and unusual

condition, and posed an unreasonable risk of harm to persons using the premises, such as the Plaintiff.

7.      The Bottom Dollar store is designed so that customers must walk through one entryway to enter the store. This fall occurred in the entryway. The entryway at issue contains signs and display items, and there are numerous signs and merchandise beyond the entryway, and inside the store, which are visible from the entryway, all of which are intended by Defendants to be viewed by customers.

8.      It was the duty of the Defendants to use reasonable care in managing, inspecting, designing, configuring, leasing, clearing, cleaning and maintaining the premises, and to avoid any unsafe and dangerous conditions. The Defendants must use ordinary care to have the premises in a reasonably safe condition, and to use ordinary care to correct or warn an invitee of any unsafe condition that the Defendants knew or should have known about.

9.      The cord of the vacuum cleaner laying across of the walkway of the entrance to the store constituted a dangerous, unsafe, and unusual condition on the Defendant's property, and the Defendants were aware and had notice, both actual and constructive, of the dangerous, unsafe and unusual condition.

10.     Notwithstanding said duties, the Defendant, its agents and employees carelessly, negligently, and/or recklessly maintained its property in an unsafe condition.

11.     The unsafe condition and the full nature and extent of the hazard was of sufficient nature so as to not be reasonably obvious, noticeable or apparent to persons exercising ordinary care, such as the Plaintiff, as they used the premises.

12.    The duties, responsibilities, and obligations set forth herein on the part of the Defendants were owed by the Defendants to and for the benefit of the Plaintiff and other persons foreseeably using the premises.

13.    As a direct and proximate result of the negligence, carelessness and recklessness of Defendants and their agents, the Plaintiff fell and was caused to suffer bodily injuries; has been prevented from transacting her business and her household duties; has suffered physical pain and mental anguish; has suffered inconvenience; and has incurred medical and related expenses for medical care and treatment necessary to treat, care for, cure, and ameliorate her injuries.

14.    The Defendants are liable for the negligence of its employees under the doctrine of respondent superior, as the employees operating the store at all relevant times were acting in the scope of their employment.

15.    Additionally and/or alternatively, the Defendants' failure to maintain and/or repair the property, failure to warn Plaintiff, and other actions and omissions constituted breaches and violations of the warranties, covenants, Lease provisions, and common law duties and obligations owed by the Defendants to the Plaintiff, and proximately caused the damages and injuries to the Plaintiff alleged herein, and the Defendants were otherwise negligent.

WHEREFORE, the Plaintiff, Rita R. Dade, demands judgment against the Defendants, Delhaize America, LLC, Delhaize America, Inc., Delhaize Group, Delhaize Insurance Company, and Food Lion, LLC d/b/a Food Lion, Bloom, Bottom Dollar Food, and Reid's, jointly and severally, in the sum of SEVENTY THOUSAND AND N0/100

DOLLARS ($70,000.00) plus interest from May 11, 2009, pursuant to §8.01-382 of the

Code of Virginia, (1950), as amended, and costs.

**TRIAL BY JURY IS DEMANDED.**

RITA R. DADE

By: _____

Of Counsel

John D. Ayers (VSB#65234)
Marks & Harrison, P. C.
5440 Jefferson Davis Highway
Fredericksburg, VA  22407
Telephone:  (540) 735-1378
Facsimile:  (540) 735-1377

M. Scott Bucci
Bucci & Dix, LLC
The Fairfax Building
10710 Midlothian Turnpike, Suite 304
Richmond, VA  23235
Telephone:  (804) 897-3950
Facsimile:  (540) 379-0173

# COMMONWEALTH OF VIRGINIA



### RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219-1540
(804) 646-6506

#### Summons

To: FOOD LION, LLC
DBA FOOD LION,BLOOM,
BOTTOM DOLLAR FOOD AND REID'S
C/O CORPORATION SERVICE CO R/A
11 S. 12TH STREET
RICHMOND VA 23218

Case No. 760CL11001717-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on,Thursday, April 07, 2011

Clerk of Court: BEVILL M. DEAN

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:   AYERS, JOHN D
540-735-1378

# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND  VA 23219-1540
(804) 646-6506

Summons

To: DELHAIZE AMERICA, LLC
C/O CORPORATION SERVICE
COMPANY R/A
11 S. 12TH STREET
RICHMOND VA 23218

Case No. 760CLI1001717-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, April 07, 2011

Clerk of Court: BEVILL M. DEAN

by _____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:   AYERS, JOHN D
540-735-1378

# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND  VA  23219-1540
(804) 646-6506

Summons

To: DELHAIZE AMERICA, INC
C/O CORPORATION SERVICE
COMPANY R/A
11 S. 12TH STREET
RICHMOND VA 23218

Case No. 760CL11001717-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, April 07, 2011

Clerk of Court: BEVILL M. DEAN

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:   AYERS, JOHN D
540-735-1378

VIRGINIA:

## IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

RITA R. DADE,                                                    **Plaintiff,**

v.                                    LAW NO.:  *CL11-001717*

DELHAIZE AMERICA, LLC
SERVE: CORPORATION SERVICE COMPANY
      11 S. 12TH STREET
      RICHMOND, VA 23218
&

DELHAIZE AMERICA, INC.,
SERVE: CORPORATION SERVICE COMPANY
      11 S. 12TH STREET
      RICHMOND, VA 23218
&

DELHAIZE GROUP

&

DELHAIZE INSURANCE COMPANY

&

FOOD LION, LLC D/B/A FOOD LION, BLOOM,
BOTTOM DOLLAR FOOD, AND REID'S                    **Defendants.**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

    Plaintiff, by counsel, pursuant to Rules 4:8 and 4:9 of the Rules of the Supreme Court of Virginia, propounds the following interrogatories and requests for production to Defendants, to be answered within 28 days after service thereof:

### DEFINITIONS

    A.    These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

B.     The terms "identify", "identity," "identifying" or "identification" shall mean:

(i)     With respect to a natural person, state his or her full name, last known address, home and business telephone number, occupation and business address.

(ii)     With respect to a firm, corporation, governmental agency or department, or artificial person, state its full name and location and the identity of the person at such firm, corporation, governmental agency or department, or artificial person having knowledge of the information requested;

(iii)     When applied to a writing, book, record, document, photograph, statement or recording, state the date prepared, author or preparer and recipients thereof, its present location and custodian thereof.

C.     Unless otherwise indicated, these Interrogatories refer to the time, places and circumstances of occurrence mentioned or complained of in the pleadings.

D.     Where information or knowledge in possession of a party is requested, such request, includes knowledge of the party's agent, employees, next friend, guardian, representatives and, unless privileged, its attorneys.

E.     The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the persons mentioned in clause D.

F.     The terms "documents," or "writings" shall mean any papers, transcript, statement, book, report, memorandum, notes, correspondence, schedule, plat, map, or other records, containing information, written, typewritten, printed, orally transcribed or in any other form.

G.      "Describe in detail" and "state specifically" shall mean to state what is requested to be described including each and every fact, omission, incident, event, condition or circumstance pertinent to the matter requested, and all opinions known and held concerning what is requested to be described, the identity of all persons having any knowledge of an opinions relating to what is described, the identity of all documents relating to what is to be described and all relative dates and time periods.

H.      "Recordings" shall mean any tape or other device on which a voice, tape or film on which should or action is recorded.

I.      "Store" shall mean the grocery store operated at 515 Jefferson Davis Highway in Fredericksburg, Virginia.

## INTERROGATORIES

1.      State whether it is your contention that you are not the owner, occupant, and/or operator of the location of the alleged occurrence on May 11, 2009. If you so contend, state the basis for this contention and identify who you contend is the owner, occupier, and/or operator of the location on May 11, 2009.

Answer:

2.      Identify each person having any knowledge of the events relating to, leading up to, or concerning the incident described in the Complaint filed herein known to you, any insurance carrier affording you coverage, or counsel by name, address, home and business telephone number, employer, relationship to you, the substance of their knowledge or testimony, and whether you intend to call them as witnesses in the trial of this action.

Answer:

3.      Identify each person whom you intend to call as an expert witness at trial, and for each such person, state the subject matter on which he or she is expected to testify, state the substance of the facts and opinions to which he or she is expected to testify, and a summary of the grounds for each opinion.

Answer:

4.      State the name, address, name of insured, and policy limits of any insurance carrier that affords any type of coverage to you with regard to the incident sued on herein, or counsel by named, address, home and business telephone number, employer, relationship to you, the substance of their knowledge and testimony, and whether you intend to call them as witnesses in the trial of this action..

Answer:

5.      If there is any questionable insurance coverage, state the basis for denying or questioning the coverage that might otherwise be afforded.

Answer:

6.      For any response to any allegation contained in Plaintiff's Complaint, made by you that is anything other than an unqualified admission, please describe in detail all facts upon which you rely in failing to admit such allegation or request, identifying the allegation or request you are responding to.

Answer:

7.      State how you contend the incident occurred, and identify all individuals with personal knowledge of the incident, and all individuals who were present in the area where the incident occurred for the 5 hours prior to the accident and 2 hours after the incident, and note what times such individual(s) were present.

Answer:

8.      Did the Plaintiff or any other witnesses provide you with any statement regarding the incident or injuries sued upon? If so, please identify them and provide a full reproduction of such statement.

Answer:

9.     Identify all people who were involved in the creation of any incident reports regarding the accident, or who investigated the incident and/or photographed or videotaped the scene of the incident.

Answer:

10.    For each claim made or lawsuit filed in the past five years wherein a person claimed they were injured in a trip and fall incident involving tripping on a cord at any of Defendant's stores, state the name, address and phone number of each claimant and give a description of the claim or lawsuit, including the location or jurisdiction where any such claim was made or suit was filed, the case number (if any), and the names, addresses and telephone numbers of the claimant's counsel (if any).

Answer:

11.    Identify all persons who used the vacuum cleaner at issue on May 11, 2009, identifying when the vacuum cleaner was used and in what areas by that person(s). Identify the person who last used the vacuum cleaner prior to Plaintiff's accident.

Answer:

12.   Identify any and all persons who were on duty on May 11, 2009, whose job responsibility included checking to make sure there were no unsafe conditions at the entry way where the accident occurred, and list the hours they were present at the store.

Answer:

13.   Describe all warnings and efforts employed by anyone from Bottom Dollar to either remove or warn of the vacuum cleaner cord on May 11, 2009, before and after Plaintiff's fall. Include a brief summary of who performed such warnings and efforts and when they occurred.

Answer:

14.   State all facts that support any averment and/or defense (including any affirmative defense(s)) included in your Answer to the Complaint

Answer:

15.    Identify (by name, address, phone number and position) any and all employees and/or independent contractors that were responsible for the inspection, maintenance, upkeep, security and clean-up of the premises at issue on May 11, 2009. Identify whether each such employee or independent contractor is still employed or contracted by you or your company.

Answer:

16.    State if you are aware of any individual identified in discovery by any party who has ever been convicted of a felony, or crime involving moral turpitude (lying, cheating or stealing), and for each such person please state the nature of the offense, the date thereof, the disposition thereof, and the court or courts hearing the matter.

Answer:

17.    Identify all persons who were aware of the presence of the vacuum cleaner cord that allegedly caused Plaintiff's fall before Plaintiff's accident, and identify how and when the person obtained such knowledge, and any actions taken by the person in response to obtaining such knowledge.

Answer:

18.   Do you contend that the Plaintiff's injuries and medical bills were either not medically necessary or causally related to the incident at issue, and are you, or any agents or persons acting on your behalf, aware of any fact, observation, document, witness, or other item of evidence that, either directly or indirectly, supports this contention? If your answer is anything other than an unqualified "No," then for each and every such fact, observation, document, and item of evidence, please set forth the following information separately, specifically, and in detail:

a.   A detailed description of the fact, observation, document, or item of evidence, setting forth names, dates, times, places and any other information that might assist in the identification and location of the subject information.

b.   The name, address, telephone number or other means of identification of each person who has possession or first hand knowledge of the subject fact, observation, document, or item of evidence, and that person's relationship to the parties herein.

c.   The method or manner by which you obtained knowledge of this information, setting forth names, dates, times, places and any other details that relate to the manner in which you obtained such knowledge.

Answer:

19.   Do you contend that that you are not liable to Plaintiff for the accident, and are you, or any agents or persons acting on your behalf, aware of any fact, observation, document, witness, or other item of evidence that, either directly or indirectly, supports this contention? If your answer is anything other than an unqualified "No," then for each and every such fact, observation, document, and item of evidence, please set forth the following information separately, specifically, and in detail:

a. A detailed description of the fact, observation, document, or item of evidence, setting forth names, dates, times, places and any other information that might assist in the identification and location of the subject information.

b. The name, address, telephone number or other means of identification of each person who has possession or first hand knowledge of the subject fact, observation, document, or item of evidence, and that person's relationship to the parties herein.

c. The method or manner by which you obtained knowledge of this information, setting forth names, dates, times, places and any other details that relate to the manner in which you obtained such knowledge.

Answer:

20. Identify and produce all electronically stored data in your possession or under your control that references the incident at issue, including but not limited to: electronic mail, hard drives, Compact Disks (CDs), Digital Video Disks (DVDs), floppy disks, etc.

Answer:

21.     Do any of your agents, employees, former agents or former employees possess any information, facts, writings or evidence relating to the subject incident or this litigation that has not been fully and completely disclosed during your prior answers to these interrogatories? If your answer to this question is anything other than an unequivocal "No," please identify each and every such item of information, fact, writing or evidence specifically and in detail, and in addition, identify the person or persons possessing such information by stating each person's name, address, title, and relationship to the parties herein.

Answer:

## REQUESTS FOR PRODUCTION

Plaintiff, by counsel, pursuant to the Rule 4:9 of the Rules of the Supreme Court of Virginia, propounds the following Requests for Production of Documents and Things to the Defendants, as well as to any insurance company providing coverage to the Defendants, to be delivered to the offices of Marks & Harrison, P.C.; 5440 Jefferson Davis Highway, Fredericksburg, Virginia 22407; within twenty-eight (28) days of service.

## DEFINITIONS AND INSTRUCTIONS

A.     Whenever appropriate in this request, the singular form of a word shall be interpreted a plural and vice versa.

B.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

C.     Wherever appropriate in this request, the masculine form of a word shall be interpreted as feminine and vice versa.

D.     The term "person" means any natural person, corporation, firm, partnership, or other legal entity.

E.     The term "person" means any natural person, corporation, firm, partnership, or other legal entity.

F.     The word "document" means and includes any writing or record of any type or description held in any form of media whether electronic, magnetic, optical, written or typed or other form of media including, but not limited to, records, letters,

telegrams, telexes, electronic mail ("email"), cablegrams, correspondence, notes, memoranda, telephone messages, diaries, desk calendars, worksheets, computations, financial statements, tax returns, bank statements, notes, drafts, chits, checks and stubs thereof, reports, instructions, notebooks, scrapbooks, agreements, minutes of or notes of any meeting, photocopies, Xerox copies, descriptions, invoices, receipts, purchase orders evidence of payment, sound recordings, video recordings, films, photographs, slides, negatives, microfilm, barcode, whether originals or copies and however copied, and including all non-identical copies, wherever located, however produced or reproduced, and in whatever language or encryption form, and any underlying or supporting material when used in the preparation thereof.

G.     A document "relating to" any given matter means any document that constitutes, contains, discusses, embodies, reflects, identifies, states, refers to, confirms, or that is in anyway pertinent to that matter.

H.     The term "communication" includes every exchange of information by any means whatsoever.

I.     The term "thing" includes any sample, article, device or apparatus.

J.     "Identify" when used in reference to an individual person means to state his full name and present or last known address, his present or last known position and business affiliation at the time in question. "Identify" when used in reference to a corporation, partnership, sole proprietorship, or other business concern means to state his or its full name and present business address. "Identify" when used in reference to a document means to state the date, author, addresses, type of document (e.g., letter, memorandum, telegram, chart, etc.) and its present location or custodian. "Identify" when

used in reference to a communication, means to state the date and time of the communication, the place of making and the place of receipt of the communication, the substance of the communication, and the identity of each person participating in making, receiving, or referring to the communication. "Identify" when used in reference to a thing means to state the name of the thing, its owner or manufacturer, a description of its functions and operation, a listing of any trade names, and numbers of features which distinguish the thing from other like things.

K.    To the extent you object to or claim a privilege with respect to the production of any document, in whole or in part, set forth in all reasons and the underlying factual basis for your objection or claim or privilege in sufficient detail to permit the Court to determine the validity of your objection or claim of privilege.

L.    Each request for production shall be construed to impose upon the party answering it the continuing obligation to supplement the answer thereto with documents that are discovered or come into your possession after you respond to this request.

<u>REQUESTS:</u>

1.    All documents and things relating or referring to the incident that forms the basis of this suit including, but not limited to, incident reports, witness statements, and videos.

<u>Response:</u>

2.      All documents and things constituting, containing, or relating to any photograph, sketch, measurements, inspection, map, motion picture, diagram, drawing, schematic, videotape, illustration, simulation, animation, test, experiment, study, recreation, reconstruction, visualization, or other visual depiction or description of or relating to the subject incident.

<u>Response</u>:

3.      A copy of all insurance policies (including declaration sheets) providing coverage for any claim asserted in the Complaint.

<u>Response</u>:

4.      All documents obtained by subpoena *duces tecum* or other discovery during the course of this litigation (reasonable copying charges will be paid for the production of any documents produce in response to this request).

<u>Response</u>:

5.      All documents relating to policies and procedures, training, instruction, and education of any defendant regarding the maintenance and safety of the store that were in effect on the date of the accident.

<u>Response</u>:

6.     All documents related to the incident or the cause of the incident.

Response:

7.     All documents or things of any nature pertaining to any surveillance or observations of the Plaintiff.

Response:

8.     All photographs, documents, evidence, treatises, or authoritative literature upon which any expert intends to rely in this case or which your expert reviewed (even if he does not intend to rely upon same).

Response:

9.     All documents and things pertaining to or containing information regarding any investigation of the incident.

Response:

10.    All documents relating to any personnel action taken against any employee as a result of the incident.

Response:

11.     Time cards or other work records for May 11, 2009 of any person who worked at the subject store, whose responsibility included the maintenance and safety the store.

Response:


12.     All documents constituting or setting forth the rules, regulations, policies, training, programs, practice, procedures, manuals, instructions, directives, and cautionary statements provided to or used by Defendant's employees regarding the use of vacuum cleaners that were in effect on the date of the accident.

Response:


13.     All documents constituting or setting forth the rules, regulations, policies, training, programs, practice, procedures, manuals, instructions, directives, and cautionary statements provided to or used by Defendant employees regarding trip and fall accidents that were in effect on the date of the accident.

Response:


14.     All documents and things provided to or received from the Plaintiff or anyone acting on the Plaintiff's behalf (excluding anything produced or provided by counsel for the plaintiff).

Response:

15.    All documents (including any transcripts) constituting, containing, or relating to statements taken from or made by any party or any eyewitness regarding or related to the incident, including any handwritten or computerized notes generated by someone who spoke with any eyewitness regarding the conversation.

Response:


16.    All documents (including any transcripts) constituting, containing, or relating to statements taken from or made by any other person having any knowledge of facts relevant to the incident or plaintiff's injuries (excluding records or documents produced or provided by Plaintiff's counsel), including any handwritten or computerized notes generated by someone who spoke with any eyewitness regarding the conversation.

Response:


17.    Produce a claims and lawsuit run for all claims or lawsuits that involved trip and fall accidents from any of Defendant's stores from May 11, 2004 to May 11, 2009 in which someone tripped on a cord attached to a vacuum cleaner or other machine used by a Defendant employee.

Response:


18.    All documents and things relating to any contention by defendants that any person or entity other than defendants and its employees and/or agents caused or contributed to cause the incident and/or plaintiff's injuries.

Response:

19.     All documents and things relating to any allegation or contention by defendants that any intervening cause or causes other than acts and/or omissions of defendants' employees proximately caused the incident or operated in some manner to relieve or diminish defendants' liability for the injuries to the Plaintiff.

<u>Response</u>:


20.     All documents and things identified or described in any Answer to any of Plaintiff's Interrogatories to Defendants.

<u>Response</u>:


21.     Any and all documents and things relied upon in answering Plaintiff's Interrogatories.

<u>Response</u>:


22.     Produce the entire claims file created by any insurance company, third party administrator, or its agents regarding the subject accident.

<u>Response</u>:

23.     Any and all documents, electronic or otherwise, written, created, modified, or viewed by any insurance agent, third party administrator, adjuster, or representative who participated in the investigation or supervision of any claims arising from the accident.

Response:


24.     Every book, document, or other tangible thing of any nature whatsoever, including but not limited to ex parte affidavits, statements in writing, and all recorded statements which impeach or relate to the credibility of any witness who has knowledge of the facts regarding this case.

Response:


25.     Every video, security, and/or surveillance tape in the possession of you or your counsel which relates to and/or shows the accident, or shows the area where the accident occurred on May 11, 2009.

Response:


26.     Any and all documents that embody, relate, regard, reflect, refer to and/or summarize any and all opinions, correspondence, reports and/or memorandum regarding this case or the plaintiff, prepared by, received from, or sent to any and all persons you expect to call as an expert witness.

Response:

27.   All electronic data, disks, hard drives or any other digitally stored media which references or pertains to the incident.

Response:

28.   Produce all emails you are aware of which reference or pertain to the incident at issue, including but not limited to any emails from any witness or insurance adjuster(s) or third-party administrators.

Response:

29.   All deposition transcripts in your possession regarding any party or witness to this action.

Response:

**RITA R. DADE**

By: _____

.Of Counsel

John D. Ayers (VSB#65234)
Marks & Harrison, P. C.
5440 Jefferson Davis Highway
Fredericksburg, VA  22407
Telephone:  (540) 735-1378
Facsimile:  (540) 735-1377

M. Scott Bucci  (VSB#42636)
Bucci & Dix, LLC
The Fairfax Building
10710 Midlothian Turnpike, Suite 304
Richmond, VA  23235
Telephone:  (804) 897-3950
Facsimile:  (804) 379-0173